**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

| | |
|---|---|
| ANDRE PAIVA, on behalf of himself and others similarly situated<br><br><br>Plaintiff,<br><br>vs.<br><br>ALL OUT BUILDING LLC, and WILLIAM QUINN,<br><br>Defendants. | Case No.: 2:25-cv-03808<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Andre Paiva on behalf of himself and others similarly situated (hereinafter "Plaintiff"), by and through his attorneys, Consumer Attorneys PLLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants All Out Building LLC  (hereinafter "All Out" or the "Corporate Defendant") and William Quinn (hereinafter "Quinn" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") and respectfully alleges as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiff brings this lawsuit seeking recovery against Defendants for their violation of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.*, New York Labor Law § 190, *et seq.*), ("NYLL"), New York Wage Theft Prevention Act (NYLL § 195) ("NYWTPA"), the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act ("ADAAA") (42 U.S.C. §§ 12101 to 12213), and the New York State Human Rights Law ("NYSHRL").

1

2.      Upon information and belief, over the last six (6) years, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff for all worked hours including overtime compensation as required by federal law.

3.      Further, Defendants unlawfully terminated Plaintiff due to his request for a reasonable accommodation for light duty work following an injury to his hand.

4.      Plaintiff has initiated this action to seek relief for the aforesaid violations of the law, recover damages, unpaid wages, and overtime compensation he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's FLSA and ADA claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 42 U.S.C. § 12101.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      At all times material hereto, Plaintiff performed non-exempt duties for the benefit of Defendants in New York including within the County of Suffolk.

8.      At all times relevant, Defendants engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s) and had revenues in excess of $500,000.00.

9.      At all times relevant, Defendants employed at least fifteen (15) employees.

10.      Plaintiff falls within the protections of the FLSA because, as a laborer, he worked directly with materials and equipment that moved in interstate commerce.

## PARTIES

9.      Plaintiff is an adult individual who is and was a resident of Nassau County within the State of New York.

11.     Plaintiff was employed by Defendant in the State of New York during the period of about March 22, 2023 through December 7, 2023.

12.     Defendant All Out is a business entity formed under the laws of New York with a primary office located at 3 Commonwealth Avenue, Lake Grove, New York.

13.     Defendant Quinn is the principal of Defendant All Out and maintained operational control over the company.

14.     At all times relevant, Defendant employed Plaintiff to perform work on behalf of Defendant within the State of New York.

## STATEMENT OF FACTS

15.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all hours worked, including for all overtime hours he worked for every workweek.

16.     Plaintiff began working for Defendants in or around March 22, 2023, as a construction laborer.

17.     While employed, Plaintiff typically and customarily performed compensable duties for the benefit of Defendants and its customers Monday through Friday, occasionally on the weekends, working for an average total of sixty (60) hours a week.

18.     During the relevant period, Defendant failed to pay Plaintiff the proper minimum wages and overtime compensation under the law by failing to pay him both an hourly wage that

was equal to or greater than the minimum wage and one-and-a-half (1.5) times Plaintiff's regular rate of pay for all time performing labor in excess of forty (40) hours of his regular workweek.

19.    As a result of the non-payment of Plaintiff's wages, Defendants owes Plaintiff unpaid wages.

20.    On or about July 5, 2023, Plaintiff tore a tendon in his hand thereby incapacitating it to be used for work.

21.    Plaintiff, by reason of said injury, requested an accommodation for a light duty assignment that will not require the use of hands for lifting.

22.    Defendants outright denied Plaintiff's request and never engaged in any interactive dialogue with him as is required under the law.

23.    On or about July 5, 2023, Plaintiff went on disability leave.

24.    On or about July 8, 2023, Plaintiff met with Defendant Quinn who required Plaintiff to purchase a 2018 Caterpillar 259D Skid-Steer Loader in the amount of $30,000.00, which equipment was used in various jobs for the benefit of Defendant.

25.    Despite Defendants' promise to pay Plaintiff back the amount used in purchasing the equipment, no reimbursement was made.

26.    From in or about July to August 2023, Plaintiff asked Defendant to pay him back as agreed, but Defendant continuously gave excuses and avoided the discussion.

27.    From in or about July to December 2023, Plaintiff continued working on-site and operated the Skid-Steer Loader, but he was not compensated during this period, both while on disability and upon his return to work.

28.    On or about December 7, 2023, Defendants terminated Plaintiff's employment.

29.     At all times relevant, Defendant had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

30.     At all times relevant, Defendant had actual knowledge that it was obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

31.     At all times relevant, Defendant had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

32.     At all times during his employment for Defendant, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

33.     Upon information and belief, Defendant at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

34.     As a result of Defendants' violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours and overtime hours in compliance with the FLSA.

35.     Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his hours work and determine if he was being paid time-and-a-half in accordance with the FLSA.

36.     As a result of these violations of federal and state labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

37.     Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**CAUSES OF ACTION**

**COUNT I**
**RECOVERY OF UNPAID WAGES, OVERTIME  COMPENSATION, AND UNLAWFUL DEDUCTIONS PURSUANT TO THE FLSA, THE NYLL, AND THE NYWTPA**

38.    Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

39.    Defendants knowingly and willfully failed to pay Plaintiff the minimum wage for the actual hours that he worked and the proper compensation corresponding to the overtime hours of work.

40.    Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

41.    The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff.

42.    Similarly, Defendant is liable for the Plaintiff for associated damages pursuant to 29 U.S.C. § 206(a)(1) and the NYLL § 198.

43.    Defendants have failed to pay Plaintiff overtime for hours that he worked in excess of forty (40) hours in a workweek.

44.    By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

45.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

46.    Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

47.    As a result of Defendants' unlawful acts, Plaintiff had been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA, the NYLL and the NYWTPA.

48.    Under the NYLL, "[n]o employer shall make any deduction from wages of an employee" unless expressly authorized by government law, regulation, or rule, or expressly authorized by the employee.

49.    Defendant required Plaintiff to purchase a $30,000.00 piece of equipment for which payment was never reimbursed to him.

50.    Requiring Plaintiff to purchase the piece of equipment constituted an illegal deduction.

51.    Based on the foregoing, Plaintiff suffered damages of an amount to be determined at trial together with liquidated damages, interest (pre-judgment and post-judgment), attorneys' fees, and costs.

## COUNT TWO
## DISABILITY DISCRIMINATION UNDER THE ADA AND THE NYSHRL

41.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

42.    Section 12112 of the ADA, titled "Discrimination," provides:

a.    General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

43. Defendants violated this section as set herein.

44. The NYSHRL similarly provides that disability discrimination is prohibited.

45. Defendants violated the NYSHRL as set herein.

## COUNT THREE
## RETALIATION UNDER THE ADA AND THE UNDER THE ADA AND THE NYSHRL

44.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45.     The ADA prohibits retaliation, interference, coercion, or intimidation. Section 12203 of the ADA provides:

> a.   Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

> b.   Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of her or her having exercised or enjoyed, or on account of her or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

46.     Plaintiff's medical condition meets the disability definition (42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g)(1)) and his limitation on lifting, among other things, is a major life activity under the ADAAA (42 U.S.C. § 12102(2)(A) and 29 C.F.R. § 1630.2(i).

47.     Plaintiff requested an accommodation for a light duty assignment that did not require the use of his hands or lifting, but Defendant unlawfully denied this request and required Plaintiff to continue working with his hands, which is a clear violation of the pertinent provisions of the ADA.

48.    Defendants terminated Plaintiff due to his requests for a reasonable accommodation.

49.    Defendants violated this section as set herein.

50.    The NYSHRL similarly provides that retaliation is prohibited.

51.    Defendants violated the NYSHRL as set herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Against Defendant in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA, the NYLL and the NYWTPL in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs; and

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NYLL and the NYWTPL;

C. A declaratory judgment that the practice complaint of herein are unlawful under the ADA and the NYSHRL in that Defendant discriminated and retaliated against Plaintiff on the basis of his actual and/or perceived disability and requesting an accommodation;

D. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make his whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

F. Awarding Plaintiff punitive damages;

G. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

H. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant' unlawful employment practices.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
       July 9, 2025                          Respectfully submitted,

                                             **CONSUMER ATTORNEYS, PLLC**

                                             By:/s/ *Emanuel Kataev*
                                             Emanuel Kataev, Esq.
                                             6829 Main Street
                                             Flushing NY 11367-1305
                                             (718) 412-2421 (office)
                                             (718) 489-4155 (facsimile)
                                             ekataev@consumerattorneys.com

                                             *Andre Paiva on behalf of himself*
                                             *and others similarly situated*