IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| ANDRE PAIVA, *on behalf of himself and others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>ALL OUT BUILDING LLC, and WILLIAM QUINN,<br><br>Defendants. | Case No.: 2:25-cv-3808 (JMA) (AYS)<br><br>**DECLARATION OF EMANUEL KATAEV, ESQ. IN SUPPORT OF PLAINTIFF'S REQUEST FOR CERTIFICATE OF DEFAULT AGAINST DEFENDANTS** |

Emanuel Kataev, Esq., an attorney admitted to practice law before this Court, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am counsel for Plaintiff Andre Paiva (hereinafter "Plaintiff" or "Paiva") in this case, and I am fully familiar with the facts herein.

2. I respectfully submit this declaration in support of Plaintiff's request for entry of a certificate of default against Defendants All Out Building LLC (hereinafter "AOB" or the "Corporate Defendant") and William Quinn (hereinafter "Quinn" or the "Individual Defendant") (AOB and Quinn collectively hereinafter the "Defendants").

3. This case was commenced on July 9, 2025, by the filing of the Complaint (ECF Docket Entry 1), to recover compensatory and punitive damages, costs, interest (pre-judgment and post-judgment) and attorneys' fees for violations of violation of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New York Labor Law §§ 190, *et seq.*), ("NYLL"), the New York Wage Theft Prevention Act (NYLL §195) ("NYWTPA"), the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act ("ADAAA") (42 U.S.C. §§ 12101 to 12213), and the New York State Human Rights Law ("NYSHRL").

4. Defendants Quinn and AOB were each served with the summons and complaint in this case on July 22, 2025 by substitute service pursuant to New York Civil Practice Law & Rules ("CPLR") §§ 308(2) and 311-a(a)(iii).  See ECF Docket Entries 5 and 6.

5. The time for Defendants to answer or otherwise move with respect to the complaint herein – which was on Friday, August 22, 2025[1] – has expired.

6. Defendants have not answered or otherwise moved with respect to the complaint, and the time for defendants to answer or otherwise move has not been extended.

7. Upon information and belief, and a reasonable investigation, Defendants are not an infant or incompetent.

8. Further, upon information and belief, and a reasonable investigation, Quinn is not presently in the military service of the United States.

**WHEREFORE**, Paiva, on behalf of himself and others similarly situated, respectfully requests that the default of the Defendants be noted and a certificate of default issued.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 2, 2025.

Respectfully submitted,
**CONSUMER ATTORNEYS, PLLC**
By:/s/ *Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Andre Paiva on behalf of himself*
*and others similarly situated*

---

[1] The docket reflects an answer deadline of August 12, 2025, which was a ministerial error in filing the summons returned executed.