**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| ANDRE PAIVA, on behalf of himself and others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>ALL OUT BUILDING LLC, and WILLIAM QUINN,<br><br>Defendants. | Case No.: 2:25-cv-3808 (JMA) (AYS)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS** |

**PRELIMINARY STATEMENT**

Plaintiff ANDRE PAIVA ("Plaintiff"), by his attorneys CONSUMER ATTORNEYS, PLLC, respectfully submits this memorandum of law in support of her motion for default judgment against Defendants ALL OUT BUILDING LLC (hereinafter "All Out" or the "Corporate Defendant") and WILLIAM QUINN (hereinafter "Quinn" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants").

**FACTS**

Plaintiff respectfully relies on the facts as stated in his declaration submitted in support of Plaintiff's motion for a default judgment, the complaint allegations which are accepted as true given Defendants' default, and the docket in this action. Counsel will reference the same in the forthcoming legal argument where necessary and, for the sake of economy, will not recite the aforesaid in whole here.

**ARGUMENT**

**I.     PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT**

It is well settled that defendants who fail to file an answer or otherwise move in respect to

1

a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 'tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party'") (citation omitted).

Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Thus, the Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment. Upon entry of a default, the court may award damages based upon evidence submitted through affidavits (declarations) and exhibits, or by an evidentiary hearing. See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).

"While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." Id. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" Id. (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiff has put forward, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $323,531.80, plus interest and attorneys' fees.

a.      Plaintiff is entitled to recover unpaid overtime wages

The FLSA provides that non-exempt employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. See 29 U.S.C. § 207(a)(1).

New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. See 12 NYCRR § 146-1.4.

The onus is on an employer to maintain records of employees' hours worked and wages paid. See 29 U.S.C. § 211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." See Liu v. Jen Chu Fashion Corp., No. 00 CIV.4221 RJH AJP, 2004 WL 33412, at *3 (S.D.N.Y. Jan. 7, 2004).

In the instant case, Plaintiff Paiva worked an average of approximately sixty (60) hours per week from March 22, 2023 through July 5, 2023, a period of approximately fifteen (15) weeks. During this time, Plaintiff was paid a flat weekly salary of $1,250.00 for all hours worked. Based on this weekly salary and hours worked, Plaintiff's regular hourly rate was approximately $20.83 per hour, and his overtime rate was $31.25 per hour. Plaintiff therefore suffered an underpayment of overtime wages totaling $208.40 per week.

As a result, for the thirty-seven (37) week period from March 22, 2023 through July 5, 2023, Plaintiff was underpaid a total of $7,710.80 in wages for overtime work performed.

In addition, Plaintiff was subjected to illegal deductions totaling $30,000.00, bringing the total unpaid wages and deductions to $75,515.90. Pursuant to the Fair Labor Standards Act and New York Labor Law, Plaintiff is also entitled to liquidated damages in an equal amount of $7,710.80.

At all times relevant, Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of his compensation. As such, he should be held liable as an employer under the FLSA and the NYLL. See, e.g., Coley v. Vannguard Urb. Improvement Ass'n, No. 12-CV-5565, 2018 WL 1513628, at *4 (E.D.N.Y. Mar.

3

29, 2018) (finding executive director who admitted he "was authorized to hire, fire, discipline, assign employees, set work schedules, determine the rate and method of wage payments, establish classification of employees and maintain employment records" individually liable as employer under FLSA); see also Gibson-Hawley v. USA Mgmt. LLC, No. 17-CV-4346, 2018 WL 4691576, at *7 (E.D.N.Y. Sept. 14, 2018) (finding company owner and director who "controlled employee work schedules, payment method, and employment records" individually liable as employer under FLSA), report and recommendation adopted, 2018 WL 4689000, at *1 (Sept. 28, 2018).

   b. Plaintiff is entitled to recover unlawful deductions from wages

   Defendants also unlawfully deducted wages from Plaintiff by having him pay $30,000.00 for equipment without providing him the benefit of what he bargained for in doing so nor returning the funds upon failing to do so.  See Paiva Decl.

   New York Labor Law ("NYLL") § 193 bars Defendants from requiring employees to purchase equipment for Defendants' benefit because it prohibits employers from making any deduction from employee wages except as required by law or regulation or as authorized by the employee for his or her benefit, and the Court of Appeals has recognized that attempts to recoup wages by a separate transaction should similarly be prohibited. See Hudacs v. Frito–Lay, Inc., 90 N.Y.2d 342, 346-47 (1997) ("The Commissioner of Labor … eventually interpreted the statute to *preclude not only direct wage deductions, but repayments to the company by separate transaction as well*. [Its] rationale was that the statute should not be interpreted to allow employers to do indirectly what they could not do directly …. The Legislature stamped its imprimatur of approval on the Commissioner's interpretation when it amended the statute in 1974 to explicitly forbid repayments by separate transaction …") (emphasis added).

4

Accordingly, because Plaintiff was required to pay $30,000.00 for equipment without receiving anything in return for it, this Court should find the Defendants violated NYLL § 193 and award Plaintiff $30,000.00 in damages.

c. Plaintiff is entitled to liquidated damages

Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages").

The employer can make this award discretionary, however, by a showing of good faith. See 29 U.S.C. § 260.  In the present matter, Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Their very default is in itself a sign of not only the absence of good faith, but a showing of bad faith and an unfruitful attempt to avoid his responsibilities under the law. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. See 29 U.S.C. § 216(b).

Likewise, under the NYLL, an employee is also entitled to liquidated damages "equal to one hundred percent of the total of such underpayments found to be due," unless the employer proves a good faith basis for believing he or she was in compliance with the law. See NYLL § 663(1).

Plaintiff is therefore entitled to liquidated damages in the amount of $7,710.80 for overtime wage violations and $30,000.00 for NYLL § 193 violations. See Id.

The total amount due in liquidated damages is therefore $37,710.80.

5

d. Plaintiff is entitled to statutory damages for recordkeeping violations

Defendants never provided Plaintiff with wage notices at the start of their employment or annually, or a wage statement with each payment of wages as required by NYLL §§ 195(1) and 195(3). Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000.00 under each section, for a total of $10,000.00.

e. Plaintiff is entitled to recover damages for discrimination and retaliation under the ADA and the NYSHRL

To establish a *prima facie* case for disability discrimination "'under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.'" See McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013)).

"A claim of disability discrimination under the New York State Human Rights Law, N.Y. Exec. Law §§ 290–301 (McKinney 2005), is governed by the same legal standards as govern federal ADA claims." See Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n.3 (2d Cir. 2006) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 332 n. 1 (2d Cir.2000)). An employer is subject to the ADA if they are "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." See 42 U.S.C. § 12111(5)(A). More simply, all employers within the state are subject to the NYSHRL. See N.Y. Exec. Law §§ 292(5).

"In order to establish a prima facie case of retaliation [under the ADA], Treglia must show that: (1) he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection

exists between the alleged adverse action and the protected activity." See Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002). The same standard applies under the NYSHRL. See Nezaj v. PS450 Bar & Rest., 719 F. Supp. 3d 318, 335 (S.D.N.Y. 2024) (citing Kaytor v. Elec. Boat Corp., 609 F.3d 537, 552 (2d Cir. 2010)).

Regarding Plaintiff's discrimination claim, Defendants are employers covered by the ADA and NYSHRL as they employed at least fifteen (15) employees, and Plaintiff is an individual with a disability within the meaning of the ADA and NYSHRL. ECF Docket Entry 1 at ¶¶ 9, 12-13, 20; see also Declaration of Andre Paiva ("Paiva Decl."). Moreover, Plaintiff was capable of performing the essential functions of his job, with or without reasonable accommodation, as shown through his thirty-seven (37) weeks working for Defendants without issue. Id. ¶ 11; see also Paiva Decl. Despite this, Defendants subjected Plaintiff to adverse employment actions, including termination of his employment, because of his disability – as exemplified through Defendants' termination of him shortly after his return from disability leave. Id. ¶¶ 23, 27-28; see also Paiva Decl.

Moreover, regarding Plaintiff's retaliation claim, Plaintiff engaged in protected activity when he asserted his rights and opposed Defendants' unlawful conduct. Id. ¶¶ 22, 26 (Plaintiff requested an accommodation, and asked to be reimbursed for the $30,000.00 equipment he had paid for) ; see also Paiva Decl. Despite Defendants' awareness of this activity, they subsequently subjected Plaintiff to adverse employment actions, including termination and other retaliatory conduct. Id. ¶¶ 21-22, 26 (Defendants ignored Plaintiff's request for an accommodation and never engaged in any interactive dialogue, and Defendants terminated Plaintiff months after he asked to be reimbursed for the $30,000.00 equipment he had paid for); see also Paiva Decl.

The close temporal proximity between Plaintiff's protected activity and Defendants' adverse actions supports an inference of causation. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010) ("five months is not too long to find the causal relationship").

Accordingly, Defendants are liable for discrimination and retaliation under the ADA and the NYSHRL.

f. Plaintiff is entitled to attorneys' fees and costs

The FLSA and NYLL both contain fee-shifting provisions for actions to recover unpaid wages. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); see also NYLL § 663(4) ("[An employee] shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment."). Plaintiff incurred costs and attorneys' fees in pursuing this action and seek an award of reasonable attorneys' fees and costs; 42 U.S.C.A. § 12205 ("In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual"); N.Y. Exec. Law § 297(10).

Upon granting the instant motion for judgment by default, Plaintiff respectfully requests leave to file a separate motion for attorneys' fees.

g. Plaintiff is entitled to interest

Plaintiff is also entitled to an award of prejudgment interest on the minimum and overtime damages at the rate of nine percent (9%) per annum. See CPLR §§ 5001, 5004; see also Paiva Decl.

Plaintiff also requests that the judgment provide that "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent," as required by NYLL § 198(4).

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion for a default judgment against Defendants.

Dated: Flushing, New York
      April 13, 2026               Respectfully submitted,

                            **CONSUMER ATTORNEYS, PLLC**

By:/s*/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
6829 Main Street
Flushing NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Andre Paiva on behalf of himself*
*and others similarly situated*